UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 12-00292 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| NOBRYAN MCGEE | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before the Court is defendant Nobryan McGee's ("McGee") Motion to Dismiss the Indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure. (Record Document 18.) McGee alleges that the Sex Offender Registration and Notification Act (SORNA) violates the Nondelegation Doctrine. The Government opposes the motion. (Record Document 20).

McGee was convicted of simple rape in the Caddo Parish, Louisiana in March 2006. Subsequently, in 2006, Congress passed the Adam Walsh Act, Pub.L. No. 109-248, §§ 101-55, 120 Stat. 587, 590-611 (2006). Title I of the Adam Walsh Act, entitled the Sex Offender Registration and Notification Act ("SORNA"), created a national sex offender registry by mandating that every jurisdiction maintain a sex offender registry conforming to its requirements. See 42 U.S.C. §16912.3. Section 141(a) of SORNA, which is codified at 18 U.S.C. §2250(a), imposes criminal penalties of up to ten years in prison for persons required to register under SORNA who "travel[] in interstate or foreign commerce" and who "knowingly fail[] to register or update a registration as required by [SORNA]." 18 U.S.C. §2250(a). Additionally, Congress delegated to the Attorney General the authority to determine the retroactive applicability of SORNA to persons convicted of predicate sex offenses before the July 27, 2006 enactment date of SORNA. On February 28, 2007, the

Attorney General issued an "Interim Rule" declaring that SORNA was applicable to persons convicted of predicate sex offenses that predated the July 27, 2006 enactment date. See 72 FR 8894, 8897 (Feb. 28, 2007). On December 29, 2010, the Attorney General issued a final rule reiterating the Interim Rule. See 75 FR 81,849, 18,850 (Dec. 29, 2010).

McGee's Motion to Dismiss can be summarily denied. While the Supreme Court has not directly addressed whether SORNA violates the nondelegation doctrine, the Fifth Circuit Court of Appeals has previously addressed and rejected the same nondelegation argument raised by McGee. See United States v. Whaley, 577 F.3d 254, 264 (5th Cir. 2009)("The delegation to the Attorney General to determine the retroactive applicability of SORNA is well within the limits of permissible delegation."); United States v. Johnson, 632 F.3d 912, 917 (5th Cir. 2011)("delegation to the Attorney General was permissible"). Justice Scalia's reservation regarding the delegation issue in his dissenting opinion in Reynolds v. United States, 132 S.Ct. 975 (2012), has neither been embraced by a majority of the Supreme Court nor adopted by the Fifth Circuit.

Therefore, in accordance with the laws of the United States and governing precedent established by the Fifth Circuit Court of Appeals;

**IT IS ORDERED** that McGee's Motion to Dismiss (Record Document 18) is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 9th day of January, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE