**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 12-00292 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| NOBRYAN MCGEE | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 41) filed by the Petitioner, Nobryan McGee ("McGee"). McGee seeks to have his sentence corrected on the following grounds: (1) that his above-guidelines sentence was substantially unreasonable; (2) that the special conditions prohibiting him from possessing or viewing sexually arousing material are unreasonable; and (3) that the Sex Offender Registration and Notification Act violates the non-delegation doctrine. See id.

The Court need not address the merits of this motion because it is not timely. 28 U.S.C. § 2255 provides a method of attacking a sentence imposed by a federal court. One-year period of limitation applies to motions under this section. 28 U.S.C. § 2255(f). In this case, this limitation period runs from the latest of the date on which the judgment of conviction becomes final.

For the reasons discussed herein, McGee's motion is **DENIED**.

**I.     BACKGROUND**

The Court adopts the facts articulated by the Fifth Circuit in United States v. McGee, 559 F. App'x 323, 324 (5th Cir. 2014). In July 2002, when he was 14 years old, McGee was charged with two counts of aggravated rape for orally and anally raping two

of his brothers, then six years old and nine years old, respectively. He was adjudicated delinquent and was sentenced to two years of probation in August 2002. McGee violated the terms of his probation on several grounds, including his November 2002 arrest for aggravated battery. Following that arrest, he was adjudicated delinquent in January 2003 for the offense of sexual battery and was sentenced to a term of imprisonment not to exceed two years. While in custody, McGee received 54 disciplinary infractions for such behavior as aggravated disobedience, destruction of property, and aggravated sex offenses. He was released from incarceration in December 2004.

Less than two months later, McGee was arrested for raping his 15–year–old brother. In March 2006, he pleaded guilty to simple rape and was sentenced to a five-year term of imprisonment, which was suspended, and he was placed on probation for five years. McGee was also required to register as a sex offender for life. Five months after that, McGee's probation was revoked because he failed to register as a sex offender, absconded from probation, failed to participate in treatment, and had contact with his victim. In August 2006, he was ordered to serve the original sentence of five years of imprisonment.

McGee was again released, this time in April 2010. One month later, he was arrested for again failing to register as a sex offender. He pleaded guilty and was sentenced to two years of imprisonment. He was next released from incarceration in May 21, 2012, and that same day registered as a convicted sex offender with the Bossier Parish (Louisiana) Sheriff's Department ("BPSD"). McGee did not, however, pay the associated community notification fee required under Louisiana law because he did not have the funds to do so. The BPSD granted him an extension to pay the fee. When

McGee failed to make payment, an arrest warrant issued for his failure to register as a sex offender.

Unbeknownst to the BPSD, McGee left Louisiana and traveled to Arkansas, in violation of federal law, after his release in May 2012. The BPSD eventually located McGee in August 2012. When officers attempted to arrest him, McGee fled on foot and had to be tackled before he could be taken into custody. As a result, he was charged with resisting an officer with force or violence, in violation of Louisiana law.

A federal grand jury returned a one count indictment charging him with failure to register as a sex offender in violation of 18 U.S.C. § 2250, the Sex Offender Registration and Notification Act ("SORNA"). McGee pleaded guilty and a presentence investigation report ("PSR") was ordered. See Record Documents 22 and 24. McGee had a base offense level of 16. See Record Document 29 at 4, PSR. After a three-level reduction for acceptance of responsibility, he had a total offense level of 13. See id. at 4-5. McGee had five criminal history points, placing him in criminal history category III. See id. at 7. This offense level and criminal history category resulted in an advisory-Guidelines range of 18 to 24 months. See id. at 10.

McGee was sentenced to a term of imprisonment of 84 months. See Record Document 31, Judgment. This Court provided several 18 U.S.C. § 3553(a)-based reasons in support of this above-Guidelines sentence, including:

- McGee was a sexual predator from whom the public needed to be protected;

- he had a history of failing to comply with the law;

- he was likely to reoffend given his "history of aggressive behavior towards victims, the noncompliant behavior with law enforcement,

and his prior history of correctional supervision has proven to be unsuccessful"; and

- his history and characteristics, the seriousness of his offense, respect for the law, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes.

Record Document 38 at 28, 31, 35, 37, 39-42, 44-46, Official Transcript.

On appeal, McGee raised three issues: (1) the substantive reasonableness of his sentence, (2) two conditions of supervised release, and (3) and the denial of his motion to dismiss. McGee, 559 F. App'x at 324. The Fifth Circuit affirmed. Id. at 331. With respect to McGee's sentence of imprisonment, the Court said:

> Although McGee's 84–month sentence is 60 months greater than the top of the Guidelines range, we have upheld similar and even greater variances. McGee has not shown that the district court committed a clear error of judgment in balancing the § 3553(a) factors. Rather, his arguments constitute a mere self-serving disagreement with the district court. In light of the significant deference that is owed to the district court's consideration of the § 3553(a) factors and the stated reasons for its sentencing decision, McGee fails to demonstrate that the 84–month above-Guidelines sentence is substantively unreasonable.

Id. at 328 (citations omitted). The Supreme Court denied McGee's petition for a writ of *certiorari* on October 6, 2014. See Record Document 40.

On June 22, 2016, McGee filed this present 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See Record Document 41.

## II.   LAW AND ANALYSIS

A criminal defendant may attack the validity of his or her sentence under Section 2255 only if that "sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . .

the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack …" 28 U.S.C. § 2255(a). Review under Section 2255 is generally confined to "questions of constitutional or jurisdictional magnitude." United States v. Scruggs, 691 F.3d 660, 666 (5th Cir. 2012) (citations omitted). It is not a substitute for direct appeal. United States v. McGrew, 397 F. App'x 87, 91 (5th Cir. 2010). Indeed, if a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." Scruggs, 691 F.3d at 666 (citation omitted). Issues raised and settled on direct appeal are also not cognizable in a Section 2255. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); United States v. Fields, 761 F. App'x 443, 466 (5th Cir. 2014). "A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994) (citation omitted).

The statute of limitations for Section 2255 filings is one year. 28 U.S.C. § 2255(f). It begins to run from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

McGee asks this Court to vacate his conviction. The only statement he makes in support of his request is that he "plead[ed] guilty to my charge, which I was [supposed] to be given 18 to 24 months but when sentencing came I was enhanced 5 years outside my guidelines." Record Document 41 at 4. McGee's motion should be dismissed both because it is untimely and on the merits. Because McGee's Section 2255 motion was filed more than one year after the Supreme Court denied *certiorari*, his motion is time barred because none of the other Section 2255(f) events apply. McGee's petition for a writ of *certiorari* was denied on October 6, 2014 and he filed the present Section 2255 motion on June 22, 2016. This is greater than one year.

Even if McGee's claim was not time barred, he cannot prevail on the merits. McGee argues his sentence was supposed to be 18 to 24 months. See Record Document 41 at 4. He seems to be claiming that this Court erred in some way by imposing an above-the-advisory-Guidelines sentence. However, McGee's claim that his sentence was substantively unreasonable was rejected in his direct appeal as noted *supra*. Because this issue was already addressed on direct appeal, McGee cannot obtain relief in a Section 2255 proceeding. See Kalish, 780 F.2d at 508 ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions").

Accordingly, McGee's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.

### III. CONCLUSION

Based on the foregoing analysis, the Court holds that McGee's Section 2255 Motion is not only time-barred, but meritless. Accordingly,

**IT IS ORDERED** that McGee's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 41) be and is hereby **DENIED.**

Pursuant to Rule 11(a) of the Rules governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because McGee's Motion is time-barred and fails on the merits

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 3rd day of May, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT